Jesse **BREWER**, Plaintiff–Appellant,

v.

Andrew D. **JONES**, Jr., Defendant–Appellee.

No. 05–4442–pr.

United States Court of Appeals, Second Circuit.

March 28, 2007.

Jesse Brewer, pro se, Attica, NY, for Appellant.

Daniel J. Chepaitis, Assistant Solicitor General (Michael S. Belohlavek, on the brief), for Eliot Spitzer, Attorney General of the State of New York, for Appellee.

PRESENT: Hon. ROBERT D. SACK, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Jesse Brewer, *pro se*, appeals from a judgment entered after a jury verdict in favor of defendant-appellee Andrew Jones in this suit brought under 42 U.S.C. § 1983. We assume the parties' familiarity with the underlying facts and procedural history of the case and the issues on appeal.

■ Brewer argues on appeal that the district court erred under Federal Rules of Evidence 403 and 404 in admitting evidence of a previous lawsuit filed by Brewer. Specifically, Brewer argues that the challenged evidence improperly suggested that Brewer had litigious tendencies. We review a district court's evidentiary rulings for an abuse of discretion. *See Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir.2007). A trial judge's Rule 403 rulings are entitled to "considerable deference." *Costantino v. Herzog*, 203 F.3d 164, 173 (2d Cir.2000). "Moreover, the improper admission of evidence is grounds for reversal only where it affects 'a substantial right' of one of the parties." *Id.* at 174 (quoting Fed.R.Evid. 103(a)).

We see nothing in the record to suggest that the challenged evidence was admitted for an improper purpose or was unduly prejudicial. On the contrary, because the evidence was relevant to show a possible cause of Brewer's injury unrelated to the acts of the defendant, the district court

correctly concluded that the probative value of the evidence outweighed any possibility of prejudice. Furthermore, the record reflects that the defense scrupulously confined its use of the challenged evidence to the purpose for which it was admitted. Evidence admissible for one purpose is not rendered inadmissible by a separate rule which might preclude it. *United States v. Abel,* 469 U.S. 45, 56, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984).

■ We also reject Brewer's argument that the district court should have issued a limiting instruction. The omission of such an instruction was not an abuse of discretion because the risk of prejudice to Brewer was not sufficient to require mitigation. *Cf. Outley v. City of New York,* 837 F.2d 587, 595 & n. 6 (2d Cir.1988).

We have considered all of Brewer's arguments on appeal and find them to be without merit. Accordingly, the judgment of the district court is hereby **AFFIRMED.**